UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RICHARDS HOMES BUILDING
CO., LLC,

    Plaintiff,

v.

KEVIN ADELL,

    Defendant.
_____/

Case No. 2:15-cv-10007

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER AFFIRMING**
**THE DECISION OF THE BANKRUPTCY COURT**

The matter before the Court is an appeal from a bankruptcy court decision.[1] John Richards Homes Building Co. ("JRH") asks the Court to reverse two determinations of the bankruptcy court. The bankruptcy court concluded (1) that JRH was entitled to only $20,000 in fees and costs related to litigation from September 2009 to May 2014, and (2) that the bankruptcy court was not required to refer the issue of punitive damages to this Court. JRH claims that the bankruptcy court's decisions violate the law of the case and were based on clearly erroneous findings of fact and law, and thus constituted abuses of discretion. The Court disagrees with JRH and will affirm the bankruptcy court.[2]

**BACKGROUND**

JRH and Kevin Adell have engaged in years-long litigation in multiple venues following Adell's involuntary bankruptcy petition against JRH in 2001.[3] That petition

---

[1] *In re John Richards Homes Bldg. Co., LLC*, 523 B.R. 83 (Bankr. E.D. Mich. 2014) (Docket No. 02-54689).

[2] No hearing was necessary, or held, on this matter.

[3] The story has been summarized in cases throughout the litigation. *See, e.g.*, *In re John Richards Homes Bldg. Co., LLC*, 475 B.R. 585, 588–91 (E.D. Mich. 2012).

eventually resulted in a $6.4 million judgment against Adell, including compensatory damages, punitive damages, and fees. The litigation was complex and protracted, and involved Adell purchasing a house in Florida and moving there in an attempt to shield his assets. Adell finally paid the $6.4 million judgment in 2006; JRH's counsel almost immediately filed a request for post-judgment service fees (under 11 U.S.C. § 303(i)) and punitive damages based on Adell's post-judgment behavior (under 11 U.S.C. § 105(a)). In October 2011, the bankruptcy court awarded JRH a further $1.8 million in fees and $2.8 million in punitive damages.

Adell appealed the award, and the Court affirmed the $1.8 million in fees but reversed the $2.8 million in punitive damages, because United States bankruptcy courts do not have the statutory authority to issue serious noncompensatory punitive damages. JRH cross-appealed, and the Sixth Circuit affirmed this Court's decision. The Supreme Court denied a petition for a writ of certiorari.

JRH then made its third request for fees, seeking $864,000 for the costs associated with litigating against Adell from September 25, 2009 to May 1, 2014. JRH claimed that a substantial portion of the fees were spent defending its $1.8 million fees award on appeal. But as the bankruptcy court noted, the amount also included the costs of obtaining and unsuccessfully defending the $2.8 million punitive damages award. The bankruptcy court stated that it would be too difficult to determine what proportion of the costs were spent defending the fees versus the punitive damages. JRH argued that both claims were closely related, so it was unnecessary to distinguish between them regarding the fees.

The bankruptcy court disagreed, and further noted that "[t]here is no basis to award attorney fees for *any* portion of JRH's unsuccessful pursuit of additional punitive damages."

2

*In re John Richards Homes Bldg. Co., LLC*, 523 B.R. 83, 87 (Bankr. E.D. Mich. 2014) ("Bankruptcy Decision"). The bankruptcy court also stated that the purposes of fee-shifting had been accomplished with the prior fee awards, and that the principles of *Coulter v. Tennessee* supported limiting the latest fee award to $20,000. *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (holding that "fees on fees" incurred while litigating an award of fees should be limited to 3% of the fees in the underlying case).

The bankruptcy court also found that there was no basis to refer the issue of punitive damages to the Court. Reviewing the record, the bankruptcy court determined that referring the decision to the Court would have been futile, because there was a lack of proof beyond a reasonable doubt that punitive damages would be justified. In sum, the bankruptcy court found that JRH was only owed $20,000 in additional fees, and that there was no basis to refer a claim of punitive damages to the Court.

## STANDARD OF REVIEW

A bankruptcy court's decision to award fees is reviewed under an abuse of discretion standard. *In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991). Similarly, when no constitutional issue is presented, a bankruptcy court's decision whether to impose punitive damages is also reviewed for abuse of discretion. *Smoot v. United Transp. Union*, 67 Fed. App'x 328, 329 (6th Cir. 2003). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000).

**DISCUSSION**

JRH presents two issues on appeal: (1) whether the bankruptcy court erred in ruling that it was entitled only to $20,000 in fees and costs, and (2) whether the bankruptcy court erred "in its refusal to refer the issue of punitive damages . . . to this Court[.]" Appellant's Br. at 2, ECF No. 8. The Court answers both questions in the negative and will affirm the bankruptcy court's decision.

I. The Court Did Not Err in Awarding $20,000 in Fees

If a creditor's involuntary bankruptcy petition is dismissed without the permission of the debtor and all petitioners, the bankruptcy court "may" award attorney's fees and costs to the debtor. 11 U.S.C. § 303(i)(1). Furthermore, § 303(i) allows courts to award "fees on fees," that is, the cost of defending a fee award in appeals and collateral proceedings. *In re John Richards Homes Bldg. Co., LLC*, 552 F. App'x 401, 411 (6th Cir. 2013) ("Sixth Circuit Decision"). The bankruptcy court did just that here, and found that $20,000 was an appropriate amount to award JRH for the litigation from September 2009 to May 2014. *Bankruptcy Decision*, 523 B.R. at 85. JRH, however, sought $864,000 in fees. Reviewing the record, an award of $20,000 was well within the discretion of the bankruptcy court.

JRH argues that it was owed $864,000 to litigate Adell's appeal of the $1.8 million fees award to the Court, its own appeal to the Sixth Circuit, and Adell's Supreme Court certiorari petition. Appellant's Br. at 21–22, ECF No. 8. As the bankruptcy court noted, however, the fee figure also included compensation for work attempting to defend the $2.8 million punitive damages award, which was overturned. *Bankruptcy Decision*, 523 B.R. at 86. In determining the $20,000 award, the bankruptcy court noted that it was "improper for JRH to recover fees for any of the time spent on its additional punitive damage claim." *Id.*

4

at 87. Furthermore, when considering the case history and the more than $2 million already paid out in fees, the bankruptcy court stated that "the underlying purpose of fee shifting has been satisfied." *Id.* For those reasons, the bankruptcy court ordered a "modest" and "reduced" award of $20,000. *Id.*

JRH argues that the decision is an abuse of discretion in several ways. First, JRH claims that the award violates the law of the case. Appellant's Br. at 20, ECF No. 8. JRH claims that "the Sixth Circuit expressly held that JRH is entitled to an award for fees and costs incurred 'for services rendered in direct appeals and in collateral proceedings enforcing a judgment after the dismissal of an involuntary petition.'" *Id.* (citing *Sixth Circuit Decision*, 552 F. App'x at 411). But that argument mischaracterizes the court of appeals' opinion. The material JRH partially quotes refers, in context, to the general proposition that 11 U.S.C. § 303(i) allows the awarding of fees on fees, and affirms the $1.8 million fees award.[4] But it was is not an express holding that JRH is entitled to the $864,000 in fees they seek here.

JRH also quotes this Court's 2012 decision as evidence that the bankruptcy court violated the law of the case. Appellant's Br. at 20, ECF No. 8. Similarly, the general principles of law JRH quotes do not entitle JRH to the fees at issue here.[5] JRH's claim that the law of the case dictates the larger award is without merit.

---

[4] The full excerpt reads: "Accordingly, § 303(i) authorizes bankruptcy courts to award fees for services rendered in direct appeals and in collateral proceedings enforcing a judgment after the dismissal of an involuntary petition. The bankruptcy court, therefore, did not err when it awarded HMSC $1,854,192.73 in fees." *Sixth Circuit Decision*, 552 F. App'x at 411.

[5] "As a general rule, in fee-shifting schemes, all costs reasonably incurred in litigating the fee action are compensable, including fees spent to enforce a judgment or collect fees." *In re John Richards Homes Bldg. Co., LLC*, 475 B.R. 585, 598 (E.D. Mich. 2012).

Second, JRH claims that the bankruptcy court's fear of awarding a "windfall" to JRH was based on a clearly erroneous finding of fact. *Id.* at 24. Specifically, JRH argues that the bankruptcy court confused the fees that were at issue. *Id.* at 25. But the bankruptcy court's opinion clearly stated that its fear of a "windfall" referred to the possibility of JRH recovering fees for work it performed defending the overturned punitive damages award. *Bankruptcy Decision*, 523 B.R. at 87. And, the bankruptcy court did not commit error in finding the facts it did to support it.

Third, JRH claims that the bankruptcy court's finding that the purpose of fee-shifting was satisfied constituted clear error. Appellant's Br. at 26, ECF No. 8. The bankruptcy court made its determination considering the entire history of the case and the more than $2 million that Adell had already paid JRH in fees. The bankruptcy court then referred to *Coulter*, which limits fees on fees, in further support of a modest final fees award. *Bankruptcy Decision*, 523 B.R. at 87. JRH's effort to distinguish *Coulter* is rational but unpersuasive. Whether post-judgment wrangling over fees concerns their availability or their amount does not affect *Coulter*'s underlying purpose of discouraging protracted litigation. And, furthermore, the bankruptcy court's fees decision rests on its consideration of the entire case before it, not just *Coulter*. Thus, the Court finds no clear error by the bankruptcy court.

Finally, JRH claims that the bankruptcy court clearly erred by reducing the fee award based on JRH's failed pursuit of punitive damages. Appellant's Br. at 29, ECF No. 8. JRH does not cite any authority that would permit a bankruptcy court to allow fees for pursuing a failed punitive damages claim. Rather, JRH lists a number of cases holding that a party prevailing on some claims, but not others, may still be eligible for some award of attorneys

6

fees. *Id.* at 30. Those cases do not mandate a conclusion that the bankruptcy court erred here.

JRH also cites authorities concluding that a party may be entitled to the full amount of fees sought if successful and unsuccessful claims brought by the party were closely related. *Id.* In a number of cases, the Sixth Circuit has indeed found that a party's failure to prevail on all or even a majority of related claims does not preclude the party from collecting all of its fees. *See, e.g.*, *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 823–25 (6th Cir. 2013)*; Jordan v. City of Cleveland*, 464 F.3d 584, 602–04 (6th Cir. 2006). But JRH does not address or analyze the point that the court considered the *overall* degree of the plaintiff's success in each relevant case. In *Jordan*, for example, the plaintiff sought relief for discriminatory treatment under theories of racial discrimination, racial harassment, and retaliation; the plaintiff succeeded on his claims of retaliation and racial harassment. *Jordan*, 464 F.3d at 593–94. In the context of his case, "Jordan's results were nothing short of exemplary . . . [he] obtained virtually all of the types of relief requested." *Id.* at 604. In *Waldo*, even though the plaintiff only prevailed on one of seven original claims, she was awarded the statutory maximum penalty. *Waldo*, 726 F.3d at 822–24.

JRH's situation is different. In the litigation for which it now seeks fees, it defended a $1.8 million fees award but lost a $2.8 million punitive damages award. And unlike other plaintiffs who received all or virtually all of the relief they sought, JRH's success was markedly qualified. The bankruptcy court correctly recognized the injustice of forcing Adell to pay fees to JRH for efforts spent on the unsuccessful appeal. The bankruptcy court's determination of JRH's degree of success was not an abuse of discretion. As the Supreme Court stated, "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve

7

auditing perfection. So trial courts may take into account their overall sense of a suit . . . And appellate courts must give substantial deference to these determinations." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). The bankruptcy court did not abuse its discretion in awarding $20,000 to JRH.

II.     The Court Did Not Err in Refusing to Refer the Punitive Damages Issue

"[B]ankruptcy courts lack the inherent power to award serious noncompensatory punitive sanctions." *Sixth Circuit Decision*, 552 F. App'x at 416. Such sanctions must come from a court with Article III authority. *Id.* at 415–16. Therefore, JRH claims that the Sixth Circuit Decision "does not preclude this Court [as a federal district court] from conducting appropriate proceedings to determine whether an award of punitive damages against Adell is warranted, and therefore, the Bankruptcy Court erred in refusing to refer the punitive damages issue to this Court." Appellant's Br. at 36, ECF No. 8. JRH's argument demonstrates the logical leap that the Court must take to allow JRH to prevail on its appeal: since the bankruptcy court *could* have referred the issue of punitive damages to this Court, but did not, it had to have been an abuse of discretion not to do so. But the Court declines to make the leap required to conclude the bankruptcy court erred. In fact, the Court believes that the bankruptcy court's refusal to refer the issue of punitive damages was well within its discretion.

JRH does not cite any controlling authority that would require the bankruptcy court to refer the issue of punitive damages to the Court. Instead, JRH cites two cases in which the issue of sanctions was referred to the district court. *Id.* at 39–41. In *In re Lickman*, 288 B.R. 291, 293 (Bankr. M.D. Fla. 2003), a bankruptcy court recognized that it lacked authority to impose sanctions that had been requested, and it referred that matter to the district court.

And in *In re Rodriguez*, No. SA-06-CA-323-XR, 2007 WL 593582, at *16–17 (W.D. Tex. Feb. 20, 2007), a district court approved of the *Lickman* procedure and ordered the bankruptcy court to certify a criminal contempt matter to the court. In both cases, the bankruptcy court desired to impose sanctions but could not; statutorily, the sanctions had to have been imposed by a district court. Here, the bankruptcy court expressly declined to refer the issue. The bankruptcy court did not want the punitive damages imposed. But clearly, the decision to award or not award punitive damages was well within the discretion of the bankruptcy court. And the fact that a bankruptcy court may take an action does not mean it must do so. The bankruptcy court's lack of a referral was entirely proper here.

JRH also faults the bankruptcy court for finding that referral would be futile due to a lack of evidence beyond a reasonable doubt. Appellant's Br. at 42, ECF No. 8. JRH inaccurately states that "Judge Randon's legal conclusion that referral to this Court would be 'futile' was based **only** upon its analysis of Adell's conduct in filing the Florida bankruptcy proceeding." *Id.* at 43. But the bankruptcy court had expressly noted that it "thoroughly reviewed the findings of this bankruptcy court's 2011 judgment," which included all the grounds for the $2.8 million punitive damages award, as well as the Eleventh Circuit decision. *Bankruptcy Decision*, 523 B.R. at 92. Having reviewed the record, the bankruptcy court determined that it could not find beyond a reasonable doubt evidence for even mild noncompensatory punitive damages, let alone serious damages. *Id.* Its determination was not an abuse of discretion.[6]

---

[6] Based on all the foregoing analysis, there is no reason for the Court to reach Adell's claims that JRH's appeal is barred by waiver, res judicata, laches, and estoppel, and the Court will therefore not address them.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the decision of the bankruptcy court is **AFFIRMED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager